## SHELTON, An Infant v BERRY

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 14, 1933

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

E. R. Zeiger, Youngstown, and W. L. Countryman, Youngstown, for defendant in error.

ROBERTS, J.

It is claimed by the defendant that reversible error occurred in several respects during the trial. The first is that the verdict is against the manifest weight of the evidence. The evidence indicates in this case and the jury by reason of the evidence had a right to believe and to find that the plaintiff was operating his automobile as alleged in his petition; that at the time of the accident his headlights and red rear light were burning; that the defendant operating his truck in the same westerly direction approached at a rate of speed of probably about thirty miles per hour. Sitting with him upon the seat were three young ladies. The defendant claims that he did not see the standing automobile of the plaintiff until he was within fifty feet of it. He says he was driving his car with the dimmers on; that is, the lights were as bright as when used for long distance, but were turned down so that the rays thereof struck the pavement within a short distance in front of his car and did not illumine

his pathway more than fifteen or twenty feet in advance of the car. His evidence indicates that he could have stopped the car at the rate he claims he was driving within the distance between the two cars after he observed the car of the plaintiff. He says that he could not turn to the right of the standing car for the reason that there was not room upon that side on account of the presence of a ditch some four feet deep; that he could not turn to the left of the standing car for the reason that another car was approaching in an easterly direction and would in his opinion have reached the standing car about the time that he reached it. He therefore kept his car behind the plaintiff's car and a collision resulted. The evidence of the plaintiff was to the effect that the left wheels of his automobile were only about one and a half feet upon the improved roadway. If the jury had a right so to believe that this was a fact, then the defendant had ample room to pass so far as a standing car was concerned. The testimony of the driver of the car coming from the west, and other testimony in the case, indicate that that car was so far back westerly that the defendant would reasonably have time to have passed the standing car before passing the other car.

This accident occurred upon a roadway in front of a gasoline station where there was a space some seventy-five feet southerly from the roadway and extending for a considerable distance along the roadway for the parking of cars, upon which presumably the defendant might also have operated his car and reached a place of safety. The evidence generally indicates negligence on the part of the defendant in the operation of his car. Considering his age and the three guests whom he had on the seat with him, it is not difficult to imagine that he was not immediately preceding the collision giving his whole attention to the control of his car. There is evidence to the effect that the location of the accident was such that a car might have been observed half a mile distant therefrom. No good reason is apparent why the defendant should not have observed this car sooner than he states. The lights were burning on the car and it is reasonable to believe that the rear light would have been observable a greater distance than fifty feet. There were electric lights about and in front of this gasoline station, which illumined the surroundings at this point and also presumably made the standing car visible for a considerable distance. This court fails to find

that the verdict was against the manifest weight of the evidence.

Secondly, it is claimed that the court erred in its general charge to the jury wherein the court quoted a section of the General Code, in part as follows:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead."

This statutory law was pertinent to the issues. The defendant himself testifies that he could see from fifteen to twenty feet in front of his car by his headlights; that it would require him fifty feet in which to stop his car after an object came into view by being disclosed by the headlights. Having failed in fifty feet to stop his car and its speed at the point of collision being such as to come into violent contact with the plaintiff's car, indicates that his ability to stop must have covered a distance considerably greater than fifty feet.

The court had a right to give this statutory provision to the jury and might have gone still further and said to the jury that the violation of a pertinent statute was negligence per se. The court did not err in this respect.

Third, it was said that the verdict was rendered by the jury through passion and prejudice and is excessive. This court finds nothing in the bill of exceptions finding that the jury was actuated by passion and prejudice. The testimony in the case, medical and otherwise, indicated that the injuries of the plaintiff, who was then forty-two years of age, consisted of a rupture and lacerations of the rectum for an area of about three inches, exposing the anal canal, and that there were other bruises and contusions upon his body, and a fracture of the right leg. The plaintiff was taken to a hospital and an attempt was made to set the fracture by manual manipulation. This failed. Later an operation was performed and the leg cut open, disclosing a severe fracture at the head of the tibia, of such a nature that a portion of the head of the tibia had been driven downward into the body of the tibia, partially destroying the table on which the femur and tibia articulate. Testimony was further to the effect that the piece of the bone so embedded in the body of the tibia was chiseled out. There thus resulted a permanent injury and impairment of the use of the leg.

In view of the evidence in this case re-

garding the injury, the extent and disability arising therefrom, this court is not able to say that the verdict is excessive or against the manifest weight of the evidence. It follows that the judgment of the Court of Common Pleas is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.